UNITED STATES of America, Plaintiff,

v.

300 OZ. GEROVITAL LOTION (H3), AND
25,000 GEROVITAL TABLETS (H3),
MORE OR LESS, Defendants.

No. CV78–3603–RMT(Kx).

United States District Court,
C. D. California,
Civil Division.

April 3, 1980.

Andrea Sheridan Ordin, U. S. Atty., Frederick M. Brosio, Jr., Dzintra I. Janavs, Peter R. Osinoff, Asst. U. S. Attys., Los Angeles, Cal., for plaintiff.

John J. Resich, Jr., San Pedro, Cal., for defendants.

## MEMORANDUM

TAKASUGI, District Judge.

### I

### FACTS

This case concerns a complaint for forfeiture of certain drugs seized by the United States Customs Service. The defendants are 300 ounces of Gerovital Lotion (H3) and 25,000 Gerovital Tablets (H3). On March 1, 1978, the defendants were exported from Bucharest, Romania, in bond via Pan American World Airways. They were contained in three cartons outside of which bore the identification of the defendants as Gerovital (H3), the name of the claimant (S. A. Frebar, a Tijuana pharmaceutical company), and the points of embarcation and ultimate destination of the shipment, Tijuana, Mexico. On March 2, 1978, the defendants arrived at John F. Kennedy International Airport in New York and were unloaded in the Pan American Cargo Terminal. The defendants were then transported from Kennedy to Los Angeles International Airport in bond via American Airlines. On March 7, 1978, the defendants were seized by authorized agents of the United States Customs Service from the customs area of the International Cargo Facility of American Airlines at Los Angeles International Airport. The plaintiff seeks an order that the defendants be condemned and forfeited to the United States for destruction.

### II

### DISCUSSION

The Federal Food, Drug and Cosmetic Act (the Act) was designed to protect the

consumer from drugs which have not been shown to be safe and effective. *Pasadena Research Laboratory v. United States*, 169 F.2d 375, 379 (9th Cir.), *cert. denied*, 335 U.S. 853, 69 S.Ct. 83, 93 L.Ed. 401 (1948); *United States v. Urbuteit*, 335 U.S. 355, 358, 69 S.Ct. 112, 114, 93 L.Ed. 61 (1948). The primary purpose of the Act is to protect the public health. The government contends that the defendants should be condemned and destroyed in accordance with 21 U.S.C. § 344.[1] 21 U.S.C. § 355(a), which triggers the condemnation proceedings under § 344, prohibits the introduction into interstate commerce of any new drug, unless there has been approval of a new drug application pursuant to 21 U.S.C. § 355(b). A "new drug" is any drug "not generally recognized, among experts qualified by scientific training and experience to evaluate the safety and effectiveness of drugs, as safe and effective for the use under the conditions prescribed . . ." 21 U.S.C. § 321(p). The parties have stipulated that Gerovital is a new drug and that there is no approved new drug application filed pursuant to 21 U.S.C. § 355(b). Thus, if Gerovital was introduced into interstate commerce, it is subject to § 344 proceedings.

Defendant-claimant urges that the drugs were not involved in interstate commerce as they were under bond when shipped from Bucharest. However, 19 U.S.C. § 1553[2] explicitly excludes from protection of merchandise under bond, "merchandise, the importation of which is prohibited." Since Gerovital cannot legally be imported into the United States, it does not qualify for protection under 19 U.S.C. § 1553. *See, Laboratories Kem, S. A. v. Fink*, Civil No. 76–804–N and *United States v. Articles of Food and Drugs*, Civil No. 76–905–N (S.D. Cal.1979). The defendants, therefore, as improperly bonded merchandise introduced into interstate commerce, are subject to 21 U.S.C. § 344. *See, United States v. 76,552 Pounds of Frog Legs*, 423 F.Supp. 329, 337 (S.D.Tex.1976).

If not destroyed, the defendants could subsequently be imported into the United States in a manner more difficult for the customs service to detect. To best implement the purposes of the Act, the most appropriate disposition of the defendants is their condemnation, forfeiture and destruction.

---

1. 21 U.S.C. § 334(a)(1) provides that any drug "which may not, under the provisions of Section 344 or 355 (21 U.S.C. § 355), be introduced into interstate commerce, shall be liable to be proceeded against while in interstate commerce, or at any time thereafter, on libel of information and condemned in any district court of the United States or United States court of a territory within the jurisdiction of which the article is found . . . ."

2. 19 U.S.C. § 1553 provides that "(a)ny merchandise, other than explosives and merchandise the importation of which is prohibited . . . may be entered for transportation in bond through the United States by a bond carrier without appraisement or payment of duties and exported under such regulations as the Secretary of Treasury shall prescribe . . . ."